The School District of the Township of Millcreek, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Appellee.

Argued January 31, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DiSALLE.

*John W. Beatty*, with him *Knox, Graham, Mc-Laughlin, Gornall and Sennett, Inc.*, for appellant.

*Marc Kranson*, Assistant General Counsel, with him *Sanford Kahn*, General Counsel, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 2, 1978:

The sole question before us is whether the Pennsylvania Human Relations Commission (Commission/Appellee) has the power to decide a case and issue a final order requiring affirmative action and the payment of monetary damages on a Sunday.

Appellant, The School District of the Township of Millcreek, was originally before us to appeal a decision of the Commission's finding that Appellant violated Section 5(a) of the Pennsylvania Human Relations. Act[1] (Act), and ordering Appellant to (1) cease and desist from its discriminatory practices; (2) adjust its supplemental wage scales so as to equalize the wages paid to male and female athletic coaches; and (3) reimburse Complainant, Linda Jean Richards, for the loss in supplemental wages occasioned by its discriminatory acts. Appellant alleged that the Commission's findings were not supported by substantial evidence

---

[1] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §955(a).

and that the Commission's order was null and void because it was issued on a Sunday in contravention of Section 4 of the Law of 1705 (Law), 1 Sm.L. 25, *as amended,* 44 P.S. §1. We decided in favor of Appellant by addressing the substantial evidence question only and determined that it was unnecessary to discuss the Sunday Law issue. Our decision was vacated by our Supreme Court which held that the Commission's decision was supported by substantial evidence. Appellant now returns to us requesting a disposition of the Sunday Law issue.

Appellant argues that, because the Commission made its decision and issued its order on a Sunday, its actions are null and void. In making this argument, Appellant relies on Section 4 of the Law of 1705, which states in relevant part:

§1. Process not to be served on Sunday

And be it further enacted, That no person or persons, upon the first day of the week, shall serve or *execute,* or cause to be served or *executed,* any writ, precept, warrant, order, judgment or decree, . . .; but that the serving of any such writ, precept, warrant, order, judgment or decree, shall be void, to all intents and purposes whatsoever. . . . (Emphasis added.)

The Commission responds by stating that the issuance of an order is not synonymous with its execution and that its actions of Sunday, March 28, 1976, therefore, do not fall within the proscriptions of the Law.

We agree with this technical distinction.[2]

The word "execute" is a term having different meanings in varying contexts. It is defined neither by

---

[2] Even though the Commission committed no legal error in meeting and issuing its orders on Sunday, we can discern no necessity for Sunday sessions and admonish the Commission to consider obvious problems this practice presents.

the Act nor the Law. In the absence of definition, we are directed to ascribe to the word its peculiar and appropriate meaning or definition.[3] Our task then is to determine the meaning of the term as employed in the Law, and as it relates to orders of the Commission.

In this context we believe the most exact definition of the term is the following definition offered by Black's Law Dictionary:[4]

To fulfill the purpose of; to obey; to perform the commands of; as to execute a writ.

For the Commission's order to be executed, its mandates must be performed. There is no evidence that Appellant was required to comply with the Commission's order on Sunday, March 28, 1976, or any Sunday thereafter. Indeed, because of the appeals taken by Appellant, the Commission's order remains wholly executory. Our interpretation is further supported by Section 10 of the Act, 43 P.S. §960, which provides that the Commission must rely on the power and authority of the courts of this Commonwealth for enforcement of its orders.[5]

Accordingly, we

ORDER

AND Now, this 2nd day of June, 1978, the decision of the Pennsylvania Human Relations Commission is affirmed.

---

[3] *See* Section 3(a) of the Statutory Construction Act of 1972, 1 Pa. C.S.A. §1903(a).

[4] Black's Law Dictionary 676 (Revised 4th ed. 1968).

[5] Section 10 of the Act, 43 P.S. §960, repealed in part by Section 508(a)(87) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.508(a), states in relevant part:

§960. Enforcement and judicial review

The complainant, the Attorney General or the *Commission* may secure enforcement of the order of the Commission or other appropriate relief by the [Commonwealth Court or by the] court of common pleas of the county within which the hearing was held. (Emphasis added.)